EASTMAN HATHORN, executor, *vs.* AUGUSTUS B. EATON.

Somerset. Opinion September 12, 1879.

*Executor. Crops. Case and trespass.*

The executor derives his title from the will and his interest vests at the instant of the testator's death.

The executor of a will may maintain trespass or trover for the goods of the testator taken after the latter's death, though they may never have been in the actual possession of the former.

The executor cannot recover for the crops growing at the time of the decease of the testator.

The distinction between case and trespass is abolished.

ON REPORT.

TRESPASS for conversion of property belonging to the plaintiff's testator.

The facts sufficiently appear in the opinion.

The court to draw such inferences as a jury might, and enter judgment in accordance with the law of the case. And if the plaintiff is entitled to recover, to assess the damages, or settle by their opinion the principles on which the same shall be assessed by the judge at *nisi prius.*

*D. D. Stewart,* for the plaintiff.

*J. Baker,* for the defendant, cited 1 Wat. Tres. § 522. *Miller* v. *Baker,* 1 Met. 27-31. *Gibbs* v. *Chase,* 10 Mass. 128. 1 Hill. Torts, 77. Wat. Tres. § 739. 1 Washb. R. Prop. c. II, § 5, c. V, § 3. *Kimball* v. *Sumner,* 62 Maine, 305. *Wright* v. *Williamson,* 67 Maine, 524. "The Amiable Nancy," 3 Wheat. 546. *Sinclair* v. *Tarbox,* 2 N. H., 135. *Betts* v. *Lee,* 5 Johns. 348.

APPLETON, C. J. The plaintiff brings this action as executor of the will of Timothy Eaton, late of Athens, in this county.

Timothy Eaton died June 28th, 1874. On June 8th, 1874, he made a will appointing the plaintiff sole executor and giving his farm and all his personal property to the defendant. Ten days later he executed a codicil revoking divers bequests to the defendant and making a new division of his property among his children.

The will was admitted to probate in 1874, but the defendant appealed from the decree allowing the codicil to the supreme court of probate, where it was ultimately admitted to probate and' the decree of the judge of probate duly affirmed.

While this litigation was pending the defendant entered upon the farm of the deceased, took possession of the same and the personal property thereon belonging to the estate of the deceased and such portions of the latter as he chose, sold the most valuable portions of the same and neither restoring nor offering to restore any portion of what remained on hand to the executors, but claiming the whole personal estate as his own. The plaintiff as executor entered upon the premises occupied by the defendant claiming to exercise control over the personal property, but the defendant utterly denied his right to meddle with the same and forcibly drove him away.

After the codicil had been duly established by a decree of this court, the plaintiff brought an action of trespass for the personal property belonging to the estate of which he was executor, which had been taken possession of by the defendant as before stated.

1. As the executor derives all his title from the will, his interest is completely vested at the instant of the testator's death, and he may therefore before probate perform almost any act belonging to his office. He may make an inventory and possess himself of the testator's effects; he may enter peaceably into the house of the heir and take securities for the debts due the deceased, or remove his goods. As executor he may maintain actions on his own possession, as trespass, detinue, or replevin, for goods or cattle of the testator taken after the testator's death. So he may maintain actions, as trespass or trover, for such of the effects as never came into his actual possession, taken and converted after the testator's decease. Toller on Executors, c. 2, § 4.

2. The evidence, unmistakably, shows a conversion of the personal property of the testator by the defendant. He claimed the whole as his. He used and sold it according to his own will and pleasure. That the plaintiff might have maintained the action of trover cannot be doubted.

But trespass is equally maintainable. By R. S., c. 82, § 12. "The

distinction between trespass and trespass on the case is abolished. A declaration in either form is good."

Either trespass or trover was proper under the facts disclosed. *Moulton* v. *Smith*, 32 Maine, 406. *Moulton* v. *Witherell*, 52 Maine, 239.

3. The executor cannot recover for the crops growing at the time of decease of the testator. They belong to his devisees. *Dennett* v. *Hopkinson*, 63 Maine, 351.

4. The schedule, furnished us of the articles claimed as having been converted by the defendant, indicates their value as estimated by the appraisers on the estate of Timothy Eaton. They acted under oath. No other so satisfactory evidence is furnished us. The plaintiff is entitled to recover fifteen hundred seventy-nine dollars and fifty-eight cents with interest from August, 1874.

DANFORTH, VIRGIN, PETERS and SYMONDS, JJ., concurred.